# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2022

Lyle W. Cayce
Clerk

No. 21-30706
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

STEVE J. GARNER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
No. 3:90-CR-30017-1

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Steve Garner, federal prisoner #17799-001, appeals the denial of his motion for a sentence reduction per 18 U.S.C. § 3582(c)(1)(A). He contends that he demonstrated extraordinary and compelling reasons warranting compassionate release and that the relevant 18 U.S.C. § 3553(a) factors weigh in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

favor of a reduced sentence.  Although Garner also claims that he received an excessive sentence; he received ineffective assistance of counsel; he did not receive a fair trial; the victim's conduct was the cause of his criminal behavior; and the conditions of his confinement violate the Eighth Amendment, those theories were not properly raised in the district court, and we will not consider arguments raised for the first time on appeal.  *See Bower v. Quarterman*, 497 F.3d 459, 475 (5th Cir. 2007).

We review the denial of compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  A district court may modify a sentence, after considering the applicable § 3553(a) factors, if "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A).

Despite Garner's assertions to the contrary, the district court properly considered the relevant § 3553(a) factors.  The court explicitly addressed the seriousness of Garner's offense, his continued disregard for the law, his criminal history and characteristics, the need to promote respect for the law, and the need for specific and general deterrence.  Because the court did not rely on an impermissible sentencing factor and did not fail to consider a relevant factor, it did not abuse its discretion in denying a reduction.  *See Chambliss*, 948 F.3d at 693.

The order of denial is AFFIRMED.  Garner's motion for appointment of counsel is DENIED.